UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEXANDER SOTO,

                            Plaintiff,

             -against-

TRIUMPH CONSTRUCTION CORP. JURY
TRIAL and CARLO CUZZI,

                            Defendants.
------------------------------------------------------------X

21-CV-2449 (VSB)

**OPINION & ORDER**

Robert Wisniewski
Robert Wisniewski P.C.
New York, New York
*Counsel for Plaintiffs*

Brian L. Gardner
Elizabeth Carbone
Jed Matthew Weiss
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      On December 21, 2022, Plaintiff filed a letter motion seeking approval of the settlement agreement reached in this Fair Labor Standards Act ("FLSA") case.[1] (Doc. 48 ("Settlement Ltr."); *see also* Doc. 48-1 ("Settlement").) Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584

---

[1] In the letter, Plaintiff asserts that "Defendants do not oppose the motion." (Doc. 48 at 1.)

1

(S.D.N.Y. 2015). Having reviewed the materials before me, I find that the Settlement is not fair and reasonable. Therefore, Plaintiff's motion seeking an order approving the Settlement is DENIED.

## I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "'that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.'" *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). A fee may not be reduced "'merely because the fee would be disproportionate to the financial interest at stake in the litigation.'" *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II. Discussion

### A. *Release*

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)). Courts may also approve releases of claims arising up to the date of the agreement under the wage and hour statutes pursuant to which the plaintiff has brought his action. *See Aguilar v. N & A Prods. Inc.*, No. 19-CV-1703 (RA), 2019 WL 7293362, at *1 (S.D.N.Y. Dec. 30, 2019).

The Parties' release reads as follows:

> Plaintiff, in consideration of the terms set forth herein, hereby releases and forever discharges Defendants, their present and former officers, owners, directors, shareholders, members, partners, employees, representatives, attorneys, agents, corporate parents, divisions, affiliates, subsidiaries, predecessors, transferees, successors and assigns (and present and former officers, owners, directors, shareholders, members, partners, employees, representatives, attorneys and agents of such corporate parents, divisions, affiliates and subsidiaries, predecessors, transferees, successors and assigns, and [sic]), from any and all manner of

waivable claim, known or unknown, civil or criminal, vested or contingent, asserted or unasserted, legal or equitable, that Plaintiff and/or his heirs, executors, administrators, successors or assigns ever had, have or may now have to the date he signs this Agreement against them or any of them of any nature or description assertable in any forum, including, but not limited to, those claims that arise out of or are in connection with Plaintiff's employment with Defendants or the termination thereof, including, but not limited to, any claim, charge or cause of action for misrepresentation, defamation, infliction of emotional distress, pain and suffering, reinstatement, negligence, failure to pay wages due or other money owed, breach of contract, oral or written, whether express or implied in fact or in law, wrongful discharge in violation of public policy, breach of implied covenant of good faith and fair dealing, harassment, discrimination or retaliation on the basis of, *inter alia*, age, race, color, creed, national origin, sex, pregnancy, sexual orientation, military status, disability, actual or perceived predisposing genetic characteristics or genetic carrier status, domestic violence victim status, genetic information, citizenship status, nationality, affectional preference or sexual orientation, gender identity or expression, civil union, domestic partnership or marital status, veterans' status or any other impermissible factor, under any federal, state or local law, rule or regulation, whether based on statutory or common law, including, but not limited to, Title VII of the Civil Rights Act, as amended, the Civil Rights Act of 1991, the Rehabilitation Act, as amended, the federal Family and Medical Leave Act, Executive Orders 11246 and 11141, the Employee Retirement Income Security Act of 1974, the Fair Labor Standards Act, the Uniform Services Employment and Reemployment Rights Act, the Americans with Disabilities Act, the federal Equal Pay Act, the National Labor Relations Act, the Fair Credit Reporting Act, the Older Workers Benefit Protection Act, the Occupational Health and Safety Act, the Genetic Information Nondiscrimination Act, the Worker Adjustment Retraining and Notification Act, the New York State Human Rights Law, the New York City Human Rights Law, the New York Labor Law (including, but not limited to, the Retaliatory Action by Employers Law, the New York State Workers Adjustment and Retraining Notification Act, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law, the New York Civil Rights Law, Section 125 of the New York Workers Compensation Law, and all of their respective implementing regulations), the New York Equal Pay Act, the New York Gender Expression Non-Discrimination Act, and the New York City Earned Safe and Sick Time Act. This release does not extend to any claims that cannot be waived as a matter of law including, but not limited to, any unemployment compensation claims, workers compensation claims,

or claims for any vested interest in any employee benefit plan maintained by Defendants.

(Settlement at 4–6.) The release is breathtakingly overbroad, and legally improper in the context of a FLSA settlement. The caselaw is clear that "[i]f the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action." *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015); *see also Velazquez v. Est. of Antonier*, No. 16 CIV. 5605 (HBP), 2017 WL 5067577, at *4 (S.D.N.Y. Nov. 2, 2017) ("The release language above is not limited to wage-and-hour issues or to the claims at issue in this lawsuit; rather the settlement resolves all claims or potential claims plaintiff may have against the Defendant.") The agreement as currently written "releases and forever discharges" claims that Plaintiff "ever had, have or may now have to the date he signs this Agreement against them or any of them of any nature or description assertable in any forum, including but not limited to, those claims that arise out of or are in connection with Plaintiff's employment with Defendants or the termination thereof…." (Settlement at 4.) This release is plainly overbroad as it requires Plaintiff to waive virtually any claim, of any type, arising from his relationship with Defendants as long as it had accrued as of the date Plaintiff executed the agreement. Accordingly, the Settlement Agreement does not meet the standards for approval established in this District.

### B. *Other Provisions*

The Court finds all other provisions of the settlement to be fair and reasonable. Although there is a non-disparagement and non-defamation clause, (Settlement at 9), it "includes a carve-out for truthful statements about the facts underlying [Plaintiff's] claims" and is therefore permissible. *Animucka v. Singer*, No. 20 CIV. 7867 (ER), 2022 WL 16908279, at *3 (S.D.N.Y. Oct. 21, 2022) (collecting cases).

5

C. *Settlement Amounts*

Plaintiff filed his complaint seeking to recover unpaid wages and overtime wages, liquidated damages, and reasonable attorneys' fees and costs, as well as third-party beneficiary claims for failure to pay prevailing wage rates pursuant to New York Labor Law and federal laws. (Doc.1 at 1–2.) Specifically, "Plaintiff's claims for alleged underpaid wages was $419,554.60; $10,000 in wage and paystub violations under NYLL Section 195; and $323,000 in claims for retaliatory termination." (Settlement Ltr. at 3.) According to Plaintiff, there are no liquidated damages associated with his largest claims as a third-party beneficiary of prevailing wage contracts against Rosedale Supply brought under common law. (*Id.*) Therefore, "it is submitted that the realistic value of Plaintiff's claims was approximately $300,000." (*Id.*) Even assuming that Plaintiff would be able to recover $752,554.60, the settlement amount of $115,578.11 that Plaintiff will receive under the Settlement still represents approximately 15% of the total possible recovery. I find this amount fair and reasonable and in line with other cases approving FLSA settlements in this Circuit. *See Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 323 (S.D.N.Y. 2021) (collecting cases) (approving a settlement amount around 13% of Plaintiff's potential recovery).

D. *Attorneys' Fees*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery." *Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165 (KMK), 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v.*

*KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (finding that "the lodestar sought by Class Counsel, approximately 6.3 times, falls within the range granted by courts. . . . ").

Under the Settlement, Plaintiff's counsel would receive a total of $59,421.89 based on $57,789.05 in fees and $1,632.85 in costs. (Settlement at 2; Settlement Ltr. at 5.) Plaintiff's counsel is entitled to one-third of the total recovery under their contingent fee agreement with Plaintiff. (*Id.*) Plaintiff's counsel, Robert J. Wisniewski charged a rate of $450/hour from April 2, 2019 through December 8, 2021, and a rate of $550/hour from January 6, 2022 through December 20, 2022. (*See* Settlement Ltr. at 5; Docs. 48-2, 48-3.) Mr. Wisniewski's junior associate, Barbara Luberadzka, who worked on the matter until March 2022, billed at a rate of $125/hour. (*See* Settlement Ltr. at 5; Doc. 48-2.) Courts in this District have found these rates to be reasonable given counsel's experience litigating employment cases. *See, e.g., Animucka v. Singer*, No. 20 CIV. 7867 (ER), 2022 WL 16908279, at *2–3 (S.D.N.Y. Oct. 21, 2022) (finding Mr. Wisniewski's rate of $450/hour and Ms. Luberadzka's rate of $125/hour reasonable); *Viafara v. MCIZ Corp.*, No. 12 CIV. 7452 RLE, 2014 WL 1777438, at *14 (S.D.N.Y. May 1, 2014) (granting counsel's fees at a rate of $550 per hour.) Although $550 per hour is on the high end of what is typically approved in this District, it is important to note that when Mr. Wisniewski's fees changed from $450 per hour to $550 per hour, he was no longer assisted by Ms. Luberadzka as of March 2022 and for the majority of that year was the only attorney working on the matter. (*See* Docs. 48-2, 48-3.) Given this, I find the amount due to Plaintiff's counsel under the Settlement to be fair and reasonable.

### III.     Conclusion

For the reasons stated above, I find that the overbroad release in the proposed Settlement agreement renders the agreement not fair and reasonable. Accordingly, the proposed Settlement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above; or

2. Filing a joint letter within twenty-one (21) days of the date of this Opinion & Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:     April 26, 2023
           New York, New York

_____
Vernon S. Broderick
United States District Judge