```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEXANDER SOTO,                                 :
                                                :
                         Plaintiff,             :
                                                :        21-CV-2449 (VSB)
              -against-                         :
                                                :        OPINION & ORDER
                                                :
TRIUMPH CONSTRUCTION CORP. JURY                 :
TRIAL and CARLO CUZZI,                          :
                                                :
                         Defendants.            :
-------------------------------------------------------- X
```

Robert Wisniewski
Robert Wisniewski P.C.
New York, New York
*Counsel for Plaintiffs*

Brian L. Gardner
Elizabeth Carbone
Jed Matthew Weiss
New York, New York
*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

      On December 21, 2022, Plaintiff filed a letter motion seeking approval of the settlement agreement reached in this Fair Labor Standards Act ("FLSA") case.[1] (Doc. 48; *see also* Doc. 48-1.) Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

---

[1] In the letter, Plaintiff asserts that "Defendants do not oppose the motion." (Doc. 48 at 1.)

1

I declined to approve the proposed settlement because it contained an overly broad release and therefore found that the settlement was not fair and reasonable, and I directed the parties to submit a revised settlement agreement. (Doc. 51.) In accordance with my order, the parties filed a revised settlement agreement on May 17, 2023. (Doc. 52-1, "Revised Settlement".) I incorporate the findings in my previous order by reference, including my findings that the settlement amount of $175,000, with $115,578.11 due to Plaintiff and the attorneys' fees of $59,421.89, is fair and reasonable. (Doc. 51.) Having reviewed the revised materials before me, I find that the Revised Settlement addresses the previous deficiency and is fair and reasonable. Therefore, the parties' joint submission of the Revised Settlement is APPROVED.

The original Settlement included a release provision that was exceptionally overbroad, releasing any claim that Plaintiff "ever had, have or may now have to the date he signs this Agreement against them or any of them of any nature or description assertable in any forum, including but not limited to, those claims that arise out of or are in connection with Plaintiff's employment with Defendants or the termination thereof. . . . " (Doc. 48-1 at 4.) "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).

The parties' Revised Settlement release provision reads as follows:

> Plaintiff, in consideration of the terms set forth herein, hereby releases and forever discharges Defendants, their present and former officers, owners, directors, shareholders, members, partners, employees, representatives, attorneys, agents, corporate parents, divisions, affiliates, subsidiaries, predecessors, transferees, successors and assigns (and present and former officers, owners, directors, shareholders, members, partners, employees, representatives, attorneys and agents of such corporate parents,

>divisions, affiliates and subsidiaries, predecessors, transferees, successors and assigns, and [sic]), from any and all manner of waivable claim, known or unknown, civil or criminal, vested or contingent, asserted or unasserted, legal or equitable, that Plaintiff and/or his heirs, executors, administrators, successors or assigns ever had, have or may now have to the date he signs this Agreement against them or any of them of any nature or description assertable in any forum, solely regarding those claims that arise out of or are in connection with Plaintiff's employment with Defendants or the termination thereof, including, but not limited to, any claim, for retaliation, the failure to pay wages due under the Fair Labor Standards Act, the New York Labor Law, and/or any prevailing wage contract.

(Revised Settlement at 4.) In accordance with the caselaw in this District, and unlike the release provision in the parties' original proposed settlement, this release provision is "limited to the claims at issue in this action." *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015). Accordingly, the Revised Settlement meets the standards for approval established in this District.

For the reasons stated above, and in my previous order issued on April 26, 2023, (Doc. 51), I find the Revised Settlement to be fair and reasonable. Accordingly, the proposed Revised Settlement is APPROVED. The Clerk of Court is respectfully directed to terminate this action. SO ORDERED.

Dated:     June 6, 2023
             New York, New York

_____
Vernon S. Broderick
United States District Judge

3